Charles S. SHOLAR, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 84A01–9302–CR–050.

Court of Appeals of Indiana,
First District.

Dec. 27, 1993.

Nina Jeanne Alexander, Terre Haute, for appellant-defendant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

NAJAM, Judge.

## STATEMENT OF THE CASE

Charles S. Sholar appeals his convictions on two counts of Criminal Deviate Conduct,[1] as Class B felonies. We affirm.

## ISSUES

Sholar presents two issues on appeal, which we restate as follows:

1. Whether Sholar's conviction should be reversed for a violation of his right to a

---

1. IND.CODE § 35–42–4–2(1).

speedy trial pursuant to Indiana Criminal Rule 4(B)(1).

2. Whether Sholar's conviction was supported by sufficient evidence.

### FACTS

On February 17, 1992, Kian Morgan went with a friend to Sholar's birthday party at his Terre Haute apartment. Morgan's friend, Debra West, had been friends with Sholar for several years. While at the birthday party Morgan played cards, listened to music and drank alcohol, including some wine that Morgan and West had been drinking before going to the party. Morgan left early in the evening to visit with a friend and her baby, and Morgan testified that when she left she "had a buzz on." Morgan returned to the party approximately 30 minutes later but felt tired and wanted to lie down. She asked Sholar's cousin where she could rest, and he took her to the front bedroom. According to West, Morgan was asleep when she checked the bedroom about 30 minutes after Morgan left to lie down.

A short time later, Morgan awoke to find Sholar on top of her. Morgan told Sholar to get off of her, and she tried to push him away. He refused to leave and told her to just let him "do it." While Morgan resisted, Sholar removed her pantyhose and underwear from one leg. Sholar then pulled his pants off and pushed his penis against her vagina. Each time Morgan attempted to scream, Sholar covered her mouth with his hand and told her to shut up or he would kill her. Sholar then held Morgan's legs apart and placed his mouth on her vagina. When Morgan tried to push Sholar's head away from her, he bit her and pulled on her external genitalia with his teeth. He also attempted to place his penis into her anus.

Sholar continued to attack Morgan while she tried to scream for help, but her screams went unnoticed. Sholar's mother even went into the bedroom during the attack but immediately left, saying "excuse me." In addition, another guest at the party entered the bedroom to get his coat but did not see or hear anything because the lights were off. About forty minutes after the attack began, West went to the bedroom to check on Morgan and found Sholar on top of her with his pants down and her clothing off of one leg. West told Sholar to get off of Morgan, whereupon he stood, pulled up his pants, and stated that "she wanted it." Sholar then told Morgan that she "shouldn't give it up so easily." Morgan told him she did not "give it up," and she got dressed.

Thereafter, Morgan and West were taken by Doug Griffie, another party guest, to West's house where West called the police. Morgan later testified that she could not remember whether there was vaginal or anal penetration, but an examination conducted the night of the attack showed bruises to her external genitalia and rectum. The examining doctor also testified that her injuries were consistent with Morgan's account of the attack.

Sholar was charged on March 18, 1992, with one count of Rape and two counts of Criminal Deviate Conduct. Trial commenced on October 13, 1992, and concluded October 15, 1992. At the close of the State's case-in-chief, Sholar made a motion to dismiss the charge of Rape, and the trial court granted his motion. Sholar was convicted by a jury on two counts of Criminal Deviate Conduct and was then found to be an habitual offender. He was sentenced to 40 years imprisonment. Sholar appeals. We will state additional facts where necessary.

### DISCUSSION AND DECISION

#### Issue One: Violation of Right to a Speedy Trial

Sholar contends that he was denied his right to a speedy trial pursuant to Indiana Criminal Rule 4(B)(1). Criminal Rule 4(B)(1) states in pertinent part:

"If any defendant held in jail on an indictment or affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said

period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar."

After Sholar was charged on March 18, 1992, he requested a speedy trial by jury on May 14, 1992, and his trial was set for July 27, 1992. The trial court noted that Sholar's trial was set beyond the 70 day limit of Criminal Rule 4(B)(1), which was necessitated by congestion of the court calendar. On July 21, 1992, Sholar moved for a continuance because the State had filed an habitual offender charge on July 20, and had not yet provided him with certain lab test results. The trial court granted his motion and reset trial for September 14, 1992. This trial date was set within the 70 day period from Sholar's continuance of July 21. However, on September 2, 1992, the trial court upon its own motion again continued Sholar's trial "due to a mandatory court conference which the judge must attend." Over Sholar's objection, trial was then reset for October 13, 1992, fourteen days beyond the 70 day limit.

■ Sholar's right to a speedy trial pursuant to Criminal Rule 4(B)(1) was not violated. First, even if a defendant's right to a speedy trial is violated, he may not make his motion for discharge for the first time on appeal. *Buza v. State* (1988), Ind., 529 N.E.2d 334, 337. The defendant waives review of this issue on appeal if he does not make a motion for discharge prior to trial. *Id.; Loyd v. State* (1983), Ind., 448 N.E.2d 1062, 1066. Sholar did not move for discharge prior to trial and, thus, he has waived review of this issue.

■ In addition, when a defendant makes a motion for a speedy trial, he is required to maintain a position which is reasonably consistent with his request. *Covelli v. State* (1991), Ind.App., 579 N.E.2d 466, 470, *trans. denied.* The failure at any point to maintain such a position constitutes an abandonment of the request and the speedy trial motion ceases to have legal viability. *Saunders v. State* (1990), Ind.App., 562 N.E.2d 729, 735, *modified on other grounds* (1992), Ind., 584 N.E.2d 1087. Sholar's July 20 motion for a continuance was not consistent with a speedy trial request, and he failed to renew his request so that his motion was no longer in effect. *See Covelli*, 579 N.E.2d at 470; *Saunders*, 562 N.E.2d at 735.

■ Finally, even if Sholar had not abandoned his right to a speedy trial as a result of his waiver or inconsistency, he was not denied his right to a speedy trial under the present circumstances. A court may, on its own motion, continue a trial date due to a congested court calendar. Ind.Crim.Rule 4(B)(1); *Biggs v. State* (1989), Ind.App., 546 N.E.2d 1271, 1276. The reasonableness of the delay must be judged in the context of the circumstances, and the trial court's decision will not be disturbed absent an abuse of discretion. *Id.* Here, the trial court, upon its own motion, continued Sholar's September 14 trial date beyond the 70 day period due to a judicial conference that the trial judge was required to attend. We take judicial notice that the 1992 annual judicial conference occurred between the dates of Wednesday, September 16 and Friday, September 18, in Evansville, and that all judges are required by law to attend. *See* IND.CODE § 33-13-14-5. Sholar's contention that the conference took place only on September 17 and 18, 1992, and, thus, did not conflict with the scheduled date of his trial, is incorrect. We conclude that the trial court did not abuse its discretion by continuing Sholar's trial due to a congested calendar. Further, the resulting delay of only 14 days beyond the 70 day period under Criminal Rule 4(B)(1) was reasonable under the circumstances.

**Issue Two: Sufficiency of the Evidence**

Sholar also contends that the evidence was insufficient to support his convictions on two counts of Criminal Deviate Conduct, as class B felonies, because the testimony of Morgan, the victim, was "inherently improbable." Appellant's Brief at 17.

When reviewing the sufficiency of the evidence, we neither reweigh the evidence

nor determine the credibility of witnesses. *Landress v. State* (1992), Ind., 600 N.E.2d 938, 940. Instead, we look to the evidence most favorable to the verdict together with all reasonable inferences to be drawn therefrom. *Id.* at 940. If there exists substantial evidence of probative value to establish every material element of an offense beyond a reasonable doubt, we will not disturb the verdict. *Clemens v. State* (1993), Ind., 610 N.E.2d 236, 243.

■ A person commits Criminal Deviate Conduct, as a class B felony, when he "knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when: (1) [T]he other person is compelled by force or imminent threat of force." IND.CODE § 35–42–4–2. "Deviate sexual conduct" is defined as "an act involving: (1)[a] sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." IND.CODE § 35–41–1–9.

Here, Morgan testified that she awoke to find Sholar lying on top of her and that she repeatedly told him to get off of her and tried to push him away. Sholar refused to leave, and as he proceeded to remove Morgan's clothing to have intercourse with her, she screamed for help. However, Sholar covered her mouth with his hand to prevent anyone from hearing her calls. After attempting vaginal penetration, Sholar then held open Morgan's legs and placed his mouth on her vagina. · Morgan continued to resist but Sholar bit her and also attempted to penetrate her anus. In addition, the physician who examined Morgan the night of the attack testified that the physical evidence supported Morgan's account of the incident because it showed that her external genitalia and rectum were swollen and bruised.

However, Sholar asserts that the testimony of witnesses who were guests at the party renders Morgan's account of the incident "inherently improbable." We disagree. While both West and Griffie testified that they did not hear any screams from the bedroom where the attack took place, Griffie also testified that he was only present in the bedroom for "a second or two" to get his coat, and he did not turn on the light. When Griffie entered, Sholar asked who was there, and Griffie identified himself. West further testified that when she entered the room she found Sholar on top of Morgan, and a discussion commenced between the three concerning what had happened in the bedroom. Finally, Sholar's mother testified that she turned on the light when she entered but left immediately, saying "excuse me," because she thought Morgan and Sholar "were having sex."

■ Contrary to Sholar's assertion, this evidence does not render Morgan's testimony "inherently improbable." The testimony of these three witnesses does not contradict Morgan's account of the attack; rather, it supports the evidence that Sholar was present in the bedroom at the time Morgan says she was attacked. A conviction may be supported by the uncorroborated testimony of a sex crime victim. *Riggs v. State* (1987), Ind., 508 N.E.2d 1271, 1273. Sholar merely asks us to reweigh the evidence and judge the credibility of the witnesses; this we will not do. *See Tiller v. State* (1989), Ind., 541 N.E.2d 885, 893. Conflicts in the evidence are to be resolved by the trier of fact, who is free to believe whomever it wishes. *Cuppett v. State* (1983), Ind., 448 N.E.2d 298, 300.

Thus, we hold that there was sufficient evidence to support Sholar's convictions for two counts of Criminal Deviate Conduct, as class B felonies. The trial court's judgment is affirmed.

BAKER and ROBERTSON, JJ., concur.