**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRETT M. ROY**
Roy Law Office
Booneville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KRISTINA L. PHILLIPS, | ) |
| | ) |
| Appellant- Defendant, | ) |
| | ) |
| vs. | )  No. 87A05-1105-CR-303 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee- Plaintiff, | ) |

### APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable Robert R. Aylsworth, Judge
Cause No. 87D02-1009-FD-95

**February 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issues

Kristina L. Phillips pleaded guilty to neglect of a dependent as a Class D felony and the trial court sentenced her to three years executed, to be served consecutive to a thirty-month sentence for an earlier conviction of neglect of a dependant as a Class D felony. We first address, sua sponte, whether her present conviction violates double jeopardy principles. We then address Phillips's two issues, which we reorder and restate as whether the trial court erred in ordering that she serve her three-year sentence consecutive to her thirty-month sentence, and whether her sentence is inappropriate. We conclude that her present conviction does not violate double jeopardy principles, the trial court did not err in ordering she serve her sentences consecutively, and her sentence is not inappropriate. Accordingly, we affirm.

Facts and Procedural History

Phillips gave birth to B.L. in 1993. Phillips married Jacob Phillips in 2000. For the next seven or eight years, Jacob sexually molested B.L. on a regular basis. This molestation included oral sex, anal sex, and vaginal sex. For at least some period of time, Phillips knew about Jacob's molestations. Also for at least some period of time, Jacob engaged in these acts at least three times per week. On several occasions Phillips was present during the molestations, and on at least one occasion, Phillips engaged in sexual acts with Jacob while he was having vaginal intercourse with B.L. In April 2010, police interviewed B.L. at Holly's House, an Evansville victim advocacy center. B.L. described some of the abuse by Jacob and involvement of Phillips:

> [B.L.] said that [Jacob] penetrated her vagina with his penis, while her mother was present. She said that her mother, Kristina, was lying in bed next to Jake, kissing him. She said that she was in the 3rd grade at this point, making her 10-11 years of age. She said that this happened a few times . . . .

Amended Appellant's Appendix at 42.

In July 2010, Phillips pleaded guilty to neglect of a dependent as a Class D felony, and in January 2011 the trial court sentenced her to thirty months in prison. Phillips challenged this sentence as inappropriate and we affirmed the sentence in Phillips v. State, 951 N.E.2d 312 (Ind. Ct. App. 2011) (table). We described that offense as involving Phillips's presence and participation in Jacob's sexual activities with B.L. between approximately February 1, 2006 and October 31, 2007.

In September 2010, the State filed the current charge of neglect of a dependent as a Class D felony, alleging that in 2004 and/or 2005, Phillips knowingly or intentionally placed B.L. in a situation that endangered B.L., referring to Jacob's molestations. Phillips pleaded guilty and, in April 2011, the trial court sentenced her to three years in prison to be served consecutive to her thirty-month sentence. Phillips now appeals.

## Discussion and Decision

### I. Double Jeopardy

We first address, sua sponte, whether this case violates double jeopardy principles. We do so by determining whether the present case concerns the "same offense" as that to which Phillips pleaded guilty in July 2010. It is not a violation of double jeopardy for a defendant to be found guilty of two crimes for the same offense, but a trial court may not convict and sentence a defendant twice for the same offense. Green v. State, 856 N.E.2d 703, 704 (Ind. 2006). Upon review of the record, we conclude that the present conviction

3

is based upon Phillips knowingly or intentionally placing B.L. in harm's way during 2004 and/or 2005. Amended Appellant's App. at 32. Phillips's previous conviction was based upon Phillips's conduct between February 1, 2006 and October 31, 2007. See Phillips, 951 N.E.2d 312. The acts which support Phillips's present conviction are therefore different from those which support her earlier conviction. Double jeopardy principles were not violated.

## II.  Imposition of Consecutive Sentences

Indiana Code section 35-50-1-2(c) provides that a trial court may order terms of imprisonment be served consecutively "even if the sentences are not imposed at the same time." "However, except for crimes of violence, the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." Id.

Phillips was convicted at different times of two Class D felonies, each of which carries an advisory sentence of one and one-half years and a sentencing range of six months to three years. See Ind. Code § 35-50-2-7(a). Class C felonies, one class of felony higher than Phillips's offenses, carry an advisory sentence of four years and a sentencing range of two to eight years. See Ind. Code § 35-50-2-6(a). Phillips argues the trial court erred in ordering she serve her three-year sentence consecutive to her thirty-month sentence, for a total of five and one-half years. Neither party claims that the offenses were "crimes of violence"; thus, the issue is whether the two offenses to which Phillips pleaded guilty constituted a single episode of criminal conduct.

4

An "'episode of criminal conduct' means offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind. Code § 35-50-1-2(b). We have also described an episode as "an occurrence or connected series of occurrences and developments that may be viewed as distinctive and apart although part of a larger or more comprehensive series." Johnican v. State, 804 N.E.2d 211, 217 (Ind. Ct. App. 2004). "[T]he singleness of a criminal episode should be based on whether the alleged conduct was so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to details of the other charge." Id. Within this broad definition, the factor which our supreme court focuses on in determining whether the offenses were or were not committed as part of a single episode of criminal conduct is the timing of the offenses. Reed v. State, 856 N.E.2d 1189, 1201 (Ind. 2006).

In Lockhart v. State, 671 N.E.2d 893 (Ind. Ct. App. 1996), we held that a trial court erred in reducing a sentence pursuant to Indiana Code section 35-50-1-2 upon determining that four distinct acts of molestation against the same victim at different times were multiple episodes of criminal conduct. Id. at 904-05. We stated that the defendant's convictions arose out of "four separate offenses which can be related without referring to the details of the other." Id. at 904. Similarly, as mentioned in our discussion of double jeopardy, Phillips committed these offenses of neglect of a dependent during two distinct time periods.[1] Therefore, we conclude that Phillips's

---

[1] The four cases which Phillips cites do not support her argument that it was beyond the trial court's authority to order consecutive sentences. See Pierce v. State, 949 N.E.2d 349 (Ind. 2011); Harris v. State, 897 N.E.2d 927 (Ind. 2008); Monroe v. State, 886 N.E.2d 578 (Ind. 2008); Walker v. State, 747 N.E.2d 536 (Ind. 2001). Rather, these cases address the circumstances under which consecutive sentences may be inappropriate, even when

offenses were not part of the same criminal episode, and accordingly, that the trial court did not err or exceed its statutory authority in ordering that Phillips serve her sentences consecutively.

### III. Inappropriate Sentence

This court has authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). We may "revise sentences when certain broad conditions are satisfied," Neale v. State, 826 N.E.2d 635, 639 (Ind. 2005), and we recognize the advisory sentence "is the starting point the legislature has selected as an appropriate sentence for the crime committed." Weiss v. State, 848 N.E.2d 1070, 1072 (Ind. 2006). When examining the nature of the offense and the character of the offender, we may look to any factors appearing in the record. Spitler v. State, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009), trans. denied. The burden is on the defendant to demonstrate that his sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). Appellate review is largely an "attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

As noted above, the trial court ordered Phillips serve a three-year sentence for this offense to follow a thirty-month sentence for a previous conviction. Each Class D felony carries an advisory sentence of one and one-half years and a sentencing range of six

authorized by statute. Whether Phillips's consecutive sentencing is inappropriate is an issue which we address below.

6

months to three years. Ind. Code § 35-50-2-7(a). In evaluating whether her sentence is inappropriate, we address two issues – whether the maximum three-year sentence is inappropriate, and whether consecutive sentencing to make an aggregate sentence of five and one-half years is inappropriate. We address these issues simultaneously and focus our discussion on the nature of the offense and Phillips's character.

As to the nature of the offense, we first reiterate the aggravating circumstances identified by the trial court – B.L. was under the age of twelve, and Phillips was in a position of trust and breached that trust by making B.L. available to Jacob. We also agree with the trial court that the nature of Phillips's conduct at least approximates the offense of child molesting as a Class B felony. It is, as Phillips contends, the prosecutor's discretion as to which offenses, if any, to charge the defendant. It is also our authority, authority which Phillips now appeals pursuant to, to determine whether a sentence is inappropriate in light of the nature of the offense and the character of the offender. In doing so we may look to any factors appearing in the record. Spitler, 908 N.E.2d at 696. This certainly includes evaluating the evidence in the record alongside Indiana criminal statutes.

The evidence shows that Phillips was aware of and complicit when Jacob initiated sexual intercourse with B.L. The evidence shows that Phillips even engaged in sexual acts with Jacob while he was having sex with B.L. The nature of Phillips's actions and subsequent inaction is completely horrendous. The fact that Phillips pleaded guilty is not a significant mitigator because it appears to have been a pragmatic decision rather than a conscious choice to avoid added emotional trauma to B.L. See Edrington v. State, 909 N.E.2d 1093, 1100-01 (Ind. Ct. App. 2009) (stating that a guilty plea as a result of a

7

pragmatic decision is not a significant mitigating circumstance), trans. denied. Jacob, B.L., and Phillips each independently disclosed to authorities the essential facts underlying her convictions. We conclude that Phillips's sentence of three years, and an aggregate of five and one-half years, for watching, participating in, and never reporting the repeated sexual molestation of her young daughter are not inappropriate in light of the nature of the offense.

As to Phillips's character, there is a clear absence of remorse for her actions and subsequent inaction. Phillips indicated that if she were released from prison she would stay with Jacob and would "support him over [B.L.]." Transcript at 10. While marriage vows are strong and support of a spouse is commendable, Phillips's willful ignorance of the injustice to her young, vulnerable daughter reflects poorly on her character. In addition, she was convicted of check deception in 1995, which suggests a continuing problem with breaching others' trust. We conclude that Phillips's lack of remorse and undying support of the man who sexually molested her daughter captures her character in such a way that we deem a three-year sentence, and five and one-half years aggregate sentence, not inappropriate.

### Conclusion

Phillips's conviction does not violate double jeopardy principles. The trial court did not exceed its statutory authority in ordering that she serve her sentences consecutively, and her sentence is not inappropriate.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.