Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**HUGH N. TAYLOR**
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED
Aug 10 2012, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA


DANIEL JOSEPH SHEETS,                )
                                     )
    Appellant,                   )
                                     )
      vs.                      )    No. 76A03-1202-CR-53
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee.                    )


APPEAL FROM THE STEUBEN SUPERIOR COURT
The Honorable William C. Fee, Judge
Cause No. 76D01-1010-FB-1081


**August 10, 2012**


**MEMORANDUM DECISION – NOT FOR PUBLICATION**


**MATHIAS, Judge**

Daniel Sheets ("Sheets") appeals his sentence for Class B felony dealing in methamphetamine. He presents a single issue on appeal, whether the trial court imposed an illegal sentence.

We affirm.

## Facts and Procedural History

On March 24, 2010, the Indiana State Police, using a confidential informant, conducted a controlled buy of a quarter of a gram of methamphetamine from Sheets. Sheets provided the informant with a clear plastic bag containing a white substance in exchange for twenty-five dollars. Laboratory testing confirmed that the substance was methamphetamine.

On October 21, 2010, the State charged Sheets with Class B felony dealing in methamphetamine. Sheets ultimately pleaded guilty and was sentenced to twenty years, with five years suspended subject to three years on probation. Sheets now appeals his sentence.

## Discussion and Decision

Sheets argues that his sentence is illegal because it is in excess of the statutorily prescribed maximum. Sentencing decisions rest within the sound discretion of the trial court and are reviewed only for an abuse of discretion. Anglemeyer v. State, 868 N.E.2d 482, 490 (Ind. 2007). "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions therefrom.'" Id. (quoting K.S. v. State, 849 N.E.2d 538, 544 (Ind. 2006)). A trial court's decision to suspend a portion of a sentence will only be

set aside if the trial court abused its discretion. Morgan v. State, 675 N.E.2d 1067, 1074 (Ind. 1996). Although the trial court has broad sentencing discretion, it must sentence within statutorily-mandated limits. Lockhart v. State, 671 N.E.2d 893, 904 (Ind. Ct. App. 1996). A sentence is illegal if it exceeds the maximum sentence allowed for the level of offense. Id.

Sheets argues that the trial court abused its discretion by sentencing him to twenty years, with five years suspended subject to three years on probation because the "possibility exists that Sheets could serve twenty-three years, exceeding the time allowable."[1] Appellant's Br. at 5. Sheets is incorrect. If Sheets's probation is revoked at some point in the future, the maximum aggregate term of imprisonment he could serve is twenty years, which falls within the statutory range for a Class B felony. See Ind. Code § 35-5-2-5 (providing that a person who commits a Class B felony shall be imprisoned for a fixed term of between six and twenty years).

In this case, the trial court properly followed the statutory requirements outlined in Indiana Code section 35-50-2-2 regarding felony sentencing. Under these provisions, the trial court has discretion to "suspend only that part of the sentence that is in excess of the minimum sentence" if the "crime committed was a . . . Class B felony and the person has a prior unrelated felony conviction." Ind. Code § 35-50-2-2(b). Sheets has a prior, unrelated felony conviction for possession of a controlled substance from 2006. The

---

[1] Sheets's reliance on Jennings v. State, 956 N.E.2d 203 (Ind. Ct. App. 2011), aff'd on reh'g, 962 N.E.2d 1260 (Ind. Ct. App. 2012), trans. pending, is misplaced. Jennings interpreted the statutory phrase "term of imprisonment" as used in Indiana Code section 35-50-3-1(b), which provides that "the combined term of imprisonment and probation *for a misdemeanor* may not exceed one (1) year." (emphasis added). Because Sheets was convicted of and sentenced for a felony, Indiana Code section 35-50-3-1 and Jennings are inapplicable.

minimum sentence for class B felonies is six years and the maximum is twenty years. Therefore, the trial court could have suspended up to fourteen years of Sheets's sentence. The trial court elected to suspend five years of the twenty-year sentence.

Further, where the crime committed is neither sexual nor violent in nature, "whenever the court suspends a sentence for a felony, it *shall* place the person on probation under IC 35-38-2 for a fixed period to end not later than the date that the maximum sentence that may be imposed for the felony will expire." Ind. Code § 35-50-2-2(c) (emphasis added). The trial court was required by law to impose a probationary period upon Sheets. Because five years of his twenty-year sentence were suspended, the trial court could have required Sheets to serve five years on probation. It elected for him to serve only three.

In sum, the only limitation in the felony statute is that the term of probation may not extend beyond the maximum sentence for the crime. Here, Sheets's term of probation is two years short of the maximum.[2] Accordingly, the trial court did not abuse its discretion in sentencing Sheets on his B felony conviction, as the sentence complies with relevant statutory provisions.

Affirmed.

VAIDIK, J., and BARNES, J., concur.

---

[2] Sheets obliquely references Appellate Rule 7(B), which authorizes reviewing courts to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." However, Sheets makes no argument that his sentence is inappropriate in light of the nature of the offense or his character. Accordingly, to the extent Sheets raised an Appellate Rule 7(B) argument, it is waived for failure to make a cogent argument. See Gentry v. State, 835 N.E.2d 569, 576 (Ind. Ct. App. 2005) (holding that a defendant waived review under Appellate Rule 7(B) by failing to set forth a cogent argument in support of his request for sentence reduction), disapproved of on other grounds, Freshwater v. State, 853 N.E.2d 941, (Ind. 2006).

4