**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 13 2012, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CLEVERLY LOCKHART**
Bunker Hill, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| CLEVERLY LOCKHART, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | )     No. 34A04-1204-CR-226 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee. | ) |

---

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Thomas Lett, Special Judge
Cause No. 34C01-9406-CF-40

---

**August 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Cleverly Lockhart appeals the trial court's denial of his motion to correct erroneous sentence. We affirm.

## Issue

Lockhart raises one issue on appeal, which we restate as whether the trial court abused its discretion by denying his motion to correct erroneous sentence.

## Facts

In 1995, Lockhart was found guilty after a jury trial. The trial court sentenced him to sixty-eight years for one count of child molesting as a Class C felony and three counts of child molesting as Class B felonies. The trial court later reduced the sentence to thirty years finding that Lockhart's offenses were a single episode of criminal conduct, which limited its ability to increase the sentence due to aggravating circumstances. On appeal, Lockhart claimed that his sentence was manifestly unreasonable. In its response, the State argued that Lockhart's actions were not a single episode of criminal conduct.

We determined that the trial court improperly found Lockhart's molestations to constitute a single episode of criminal conduct and thereby, erroneously reduced his sentence. See Lockhart v. State, 671 N.E.2d 893, 904 (Ind. Ct. App. 1996), trans. denied. We then affirmed Lockhart's conviction, reversed his sentence, and remanded the case to the trial court for imposition of a new sentence. Id. at 905. At the second hearing, the trial court sentenced Lockhart to fifty-three years. App. p. 27.

In March 2012, Lockhart filed a pro se motion to correct erroneous sentence. Lockhart argued that, at his second sentencing hearing, the trial court did not abide by the conditions of a sentence agreed upon during plea negotiations. The trial court denied Lockhart's motion, and he now appeals.

**Analysis**

Lockhart argues that the trial court erred by denying his motion to correct erroneous sentence. When reviewing a trial court's decision to deny a motion to correct an erroneous sentence, we defer to the trial court's factual findings and review such a decision for an abuse of discretion. See Felder v. State, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it. Id. However, the trial court's legal conclusions are reviewed under a de novo standard of review. Id.

Initially, we note that the State did not submit an appellee's brief in this case. When the appellee has failed to submit an answer brief, we need not undertake the burden of developing an argument on the appellee's behalf. See Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1068 (Ind. 2006). We will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. Id. Prima facie error in this context is defined as, "at first sight, on first appearance, or on the face of it." Id. Where an appellant is unable to meet this burden, we will affirm. Id. Lockhart has not met this burden.

3

Lockhart's claim may not be raised through a motion to correct erroneous sentence. An inmate who believes he or she has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code Section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

A motion to correct erroneous sentence is appropriate when the sentence is "erroneous on its face." Neff v. State, 888 N.E.2d 1249, 1251 (Ind. 2008) (quoting Robinson v. State, 805 N.E.2d 783, 786 (Ind. 2004)). Other sentencing errors must be addressed via direct appeal or post-conviction relief. Id. Furthermore, a motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the formal judgment of conviction, not from the abstract of judgment. Id. If a county does not offer formal judgments of conviction, such as in Howard County where Lockhart was sentenced, then the abstract of judgment may act as an appropriate substitute for purposes of making a claim. Id.

The abstract of judgment provides no insight to Lockhart's claim. To prove Lockhart's claims, one would need access to additional information that arose prior to the rehearing on sentencing. Lockhart provides some paperwork to this effect, but the narrow confines of the procedure for a motion to correct erroneous sentence are to

4

be strictly applied.  See Hoggatt v. State, 805 N.E.2d 1281, 1283 (Ind. Ct. App. 2004) (finding the use of motion to correct erroneous sentence improper where the sentencing error was not evident on the face of the abstract of judgment).  For this reason, the trial court did not abuse its discretion when it denied Lockhart's motion to correct erroneous sentence.

## Conclusion

The trial court properly denied Lockhart's motion to correct erroneous sentence. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.