JAMES E. MAXEY *v.* STATE OF INDIANA.

[No. 278S22. Filed August 25, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *R. Davy Eaglesfield, III,* Special Assistant, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

PRENTICE, J.—Petitioner (Appellant) is before us on appeal from the denial of his petition for relief under Post Conviction Remedy Rule 1. His conviction for Murder in the First Degree was affirmed by this Court on direct appeal. *Maxey* v. *State,* (1976) 265 Ind. 244, 353 N.E.2d 457.

Prior to the trial, a suggestion of Defendant's insanity was filed. Thereafter, he was examined by court appointed psychiatrists, and a hearing was held, from which it was determined that the defendant was competent to stand trial. Such determination was in accord with the evaluation of both psychiatrists.

The petitioner's entitlement to a post conviction review upon his claim of "newly discovered evidence" of his incompetence to stand trial is highly questionable, inasmuch as the allegedly newly discovered evidence consisted of previously forgotten matrimonial strife which may have contributed materially to his mental instability, both at the time of the murder and at the time of his trial more than ten months later. This information, according to petitioner's claim, was particularly significant to Psychiatrist John Strefling, who consulted with the petitioner on ten occasions following his commitment to the State Prison.

It is at once apparent that such evidence is not only of a cumulative nature but is also wholly dependent upon the petitioner's credibility for a determination that it was, in fact, newly discovered and not discoverable by due diligence, at the appropriate time. Nevertheless, the trial judge proceeded to hear the evidence, conditionally, and thereafter determined that no new evidence had been presented that required the vacation of the petitioner's conviction and that he had failed to sustain his burden of proof.

The evidence adduced at the hearing consisted of the peti-

tioner's testimony, that of the lawyer who represented him at trial, and the deposition and clinical reports of Dr. Strefling.

The petitioner's testimony can be generally summarized as evidencing that because of various stress to which he had been subjected for many years, he had neither the ability to conform his action to the requirements of law nor sufficient comprehension to assist in his defense.

Petitioner's trial counsel testified that the petitioner had indicated from time to time that he did not remember what happened and that he had also indicated that his defense would be that he had been tormented into killing the decedent by the decedent herself. He further testified that, in his opinion, the defendant was competent to assist in his defense.

The heaviest thrust of the petitioner's argument is that Dr. Strefling's testimony and clinical reports evidenced a conclusion by him that the petitioner was not competent to assist in his defense. In this, the record does not bear him out. The deposition related more to an evaluation of the petitioner's legal sanity at the time of the crime than to his competence to stand trial. Upon the issue of competence, however, which is the only one with which we can here be concerned, the only opinion expressed by the Doctor was that in his opinion the petitioner's mental state was such as "would interfere with a clear, complete, cooperative effort on his part to help his attorney." Assuming such to be the case, the criteria of incompetence to stand trial has not been met. Dr. Strefling's opinion thusly expressed would have but slight significance in the face of the prior clear psychiatric opinions that the petitioner was competent.

In post conviction proceedings, the burden of proof rests with the petitioner to establish his grounds to relief by a preponderance of the evidence. Ind. R. P. C. 1, § 5. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. *Carroll* v. *State,* (1976) 265 Ind. 423, 355 N.E.2d

408. His decision will be set aside only upon a showing that the evidence is without conflict and leads unerringly to a result other than that reached by the trial court. *Carroll* v. *State, supra; Roberts* v. *State,* (1975) 263 Ind. 53, 324 N.E.2d 265; *Cushman* v. *State,* (1978) 269 Ind. 68, 378 N.E.2d 643.

We find no error. The judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 379 N.E.2d 465.