James E. MAXEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9008–PC–454 [1].

Court of Appeals of Indiana,
First District.

July 20, 1992.

1. This case diverted by direction of the Chief Judge on 5/19/92.

James E. Maxey, pro se.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for State.

BAKER, Judge.

Veteran *pro se* petitioner-appellant and political activist James E. Maxey appeals the denial of his fifth petition for post-conviction relief. We gather Mr. Maxey takes issue with the legal concepts of waiver and *res judicata,* among other things. Succinctly stated, we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 16, 1974, after an argument, James Maxey asked his wife Ellen whether she would return home with him. When she refused, he drew a pistol and shot her in the stomach. He then took careful aim and shot her in the head, killing her. After two court-appointed psychia-trists found him competent to stand trial, and after the trial itself, a jury rejected his claim of self-defense and convicted Maxey of first degree murder. He was sentenced to life imprisonment.[2]

Maxey's conviction was affirmed by our supreme court on direct appeal. *Maxey v. State* (1976), 265 Ind. 244, 353 N.E.2d 457 (*Maxey I*). He then began his sixteen year quest for post-conviction relief because "he wanted his issues reviewed in his first appeal and useing the unalienable rights the architects of our republic wrote in the magnificant words of the Constitution and the Declaration of Independance and the First Amendance that reads, in parts, 'To petition the Government for a redress of grievances'." *Brief of Appellant* at 12.[3] At the outset, we note Maxey "wishes to make it very clear that he does not intend to raise, or argue the issue of his guilt or innocense but argue his constitutional right to a fair trial." *Record* at 158.

Maxey's first post-conviction relief petition, filed *pro se,* challenged the trial court's determination that he was competent to assist in his defense and asserted the discovery of new evidence: previously forgotten matrimonial strife which may have contributed to his mental instability. In this petition, Maxey swore under penalty of perjury that his petition contained "every ground known to [him] for vacating, setting aside or correcting the conviction and sentence attacked in this motion...." *Record* at 117. The first post-conviction court denied his petition and our supreme court affirmed the denial in *Maxey v. State* (1978), 269 Ind. 224, 379 N.E.2d 465 (*Maxey II*).

Maxey's second petition, again filed *pro se,* alleged an incomplete psychiatric evaluation, the wrongful suppression of evidence, the wrongful introduction of irrelevant evidence, prosecutorial misconduct, the ineffective assistance of trial and appel-

---

2. IND.CODE 35–13–4–1 (repealed 1976 Ind.Acts Pub.L. No. 148, Sec. 24); now IND.CODE 35–42–1–1.

3. For the sake of expediency, when we record the phrasing of Maxey's arguments verbatim, we shall omit the notation "sic" we would otherwise have included. The reader may be sure the quoted language appears in Maxey's briefs exactly as reported.

late counsel, the denial of his right to a public trial because of exclusion of his family and political associates, and the sentencing court's lack of jurisdiction. He also listed as bases for relief "Groundless arguments causing inference from the established facts," and "Using coarse rhetoric to infamy defendant's political views." *Record* at 153, 166. After a hearing, the second post-conviction court found all claims were waived for failure to raise them in either his direct appeal or first petition for post-conviction relief. *Record* at 167–71. He took no appeal.

Maxey's third petition again claimed the ineffective assistance of counsel, prosecutorial misconduct, the denial of a public trial, and the wrongful introduction of irrelevant evidence. He insisted his psychiatric evaluation was incomplete and he was generally denied a fair trial. After a hearing, the third post-conviction court found all claims were waived for failure to raise them in either his direct appeal or first petition for post-conviction relief. *Record* at 235–40. Six months later, our supreme court denied Maxey's motion to undertake a belated appeal. *Record* at 207–08.

Maxey's fourth petition, which is not included in our record of proceedings, apparently claimed the ineffective assistance of trial and post-conviction counsel, constitutional violations, and newly discovered evidence. *Record* at 270. The fourth post-conviction court summarily denied the petition, and again, Maxey took no appeal.

On May 1, 1989, Maxey filed his fifth petition. He argued 1) he waived nothing in his earlier petitions because of his incompetence, 2) he found newly discovered evidence, 3) he received ineffective assistance of counsel, and 4) he uncovered a jury conflict of interest. After a hearing, the fifth post-conviction court rejected the first three claims but allowed Maxey 90 days to present evidence on the jury conflict of interest issue. *Record* at 415–18. After Maxey failed to present any evidence on the subject after 90 days, the fifth post-conviction court denied his petition. Maxey now appeals.

## DISCUSSION

### Waiver and *Res Judicata*

Much to Maxey's considerable ire, the fifth post-conviction court relied heavily on the doctrines of waiver and *res judicata* in denying Maxey's fifth post-conviction relief petition. Before turning to Maxey's appellate arguments, we deem it appropriate to review briefly waiver and *res judicata* in the post-conviction relief context.

■ "The purpose of the post-conviction relief process is to raise issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time." *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1204, *cert. denied*, 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218. Our rules of post-conviction procedure require all grounds for relief available to a petitioner be raised in the original petition. The rationales underlying the rule are apparent: controversies must eventually cease (the principle of finality), and judicial resources, being scarce, must not be squandered. From these two requirements arise the legal concepts of waiver and *res judicata*. *See Mickens v. State* (1991), Ind.App., 579 N.E.2d 615.

In the seminal opinion of *Langley v. State* (1971), 256 Ind. 199, 203, 267 N.E.2d 538, 540, Justice Hunter observed the rules of post-conviction relief were "not ... inten[ded] ... to provide a means whereby one convicted could repeatedly re-litigate claims of improper conviction, or could *unqualifiedly*, upon a legitimate waiver of the right to appeal ... raise an untimely challenge directed at some aspect of the proceedings against him." (Original emphasis.) Accordingly, our supreme court established the modern rule that waiver is an affirmative defense to a petition for post-conviction relief. Acknowledging that "in the name of justice and fair play ... each defendant [should] have an avenue available by which he may challenge on appeal the correctness of his conviction," *id.*, the court also noted it "ha[d] a vested interest in guarding against prostitution of the spirit of criminal justice through sanctioned 'multi-appeals'...." *Id.* Thus, the

court adopted the mechanism of waiver: issues available for review on direct appeal, if not pursued, are waived for post-conviction review. *Mickens, supra.*

 Similar considerations drive the policy of *res judicata,* the defense of prior adjudication. Issues previously decided adversely to a petitioner's position are *res judicata* and not subject to further examination. *Id.* at 618. It is imperative to an orderly judicial system that, at some point, controversies end. Additionally, in a normal civil action, the claim preclusion branch of *res judicata* bars the relitigation of *both* those issues raised and those which should have been raised. *Id.* Post-conviction actions, of course, are not normal civil actions, but nevertheless "a petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error." *Id.* at 619.[4] Keeping these policies in mind, we turn to the arguments Maxey raises on appeal.

### Maxey's Arguments

Maxey begins his discussion as follows:

Succinctly states, the issues presented for review by this appeal are as follows:

Whether the court erred by denying the defendant in his Petition for Post Conviction Relief on the argument of waiver when the record speaks for itself, of which the state and the court has gone on record saying they did not have because part of the transcript had not been typed up, and when this waiver that the defendant must overcome in order to get his issue reviewed came about, starting when he was represented by the Public Defender Office of Indiana, being held in Marion County Jail on a Court Order by the trial court, and under Indiana Trial Rule (11), bar anyone but the attorney of record from fileing an appeal which the Indiana Supreme Court who, on April 18, 1980, because the Court was without this evidence denied the Defendant to appeal

Belated as petitioned for, charging that defendant should have filed on time, and this is so the Public Defender should be charged with a or the defendant should be alloed to show by the record that supports him to overcome the waiver sinse the record speaks for itself.

*Brief of Appellant* at 2. Rather than report Maxey's other "succinctly" stated summaries of his appellate arguments verbatim, we will instead summarize them.

First, Maxey argues he has been denied the due process of law because, until now, no court reviewing his case has seen a complete record of the proceedings. He contends those portions of the record missing from his previous appeals and post-conviction petitions (specifically, the opening and closing arguments used at his trial) constitute "newly discovered evidence" and are relevant because they prove his incompetence.

Although he abandoned his ineffective assistance claim, Maxey continues to take issue with the trial court's admission of evidence of his political and social views and with the fifth post-conviction court's denial of his jury conflict of interest claim. Finally, his argument is imbued with contempt for the concept of waiver: "Move deeper into the Quagmire of injustice," he instructs us, "where due process is on the scaffold and waiver is on the throne." *Appellant's Reply Brief* at 11.

### A

We are compelled to agree with some of Maxey's musings: "The record show the Petitioner dipped his pen in the bitter ink in resentment of injustice. His language was often caustic and charged with accusation; He was never willing to soft peddle in order to win favor in the court of the oppressor. He flung his darts without fear...." *Appellant's Reply Brief* at 14. Unfortunately, however, Maxey has also flung his darts without legal accuracy. His arguments are utterly meritless.

---

**4.** *Res judicata,* like waiver, must be pled affirmatively. *Id.* at 618. Here, the question of *res judicata* is available for our review because the State raised the issue in its answer to Maxey's

fifth petition and because the fifth post-conviction court relied, in part, on the defense in denying the petition. *See id.* at 617–18.

■ Although it is not always necessary that a complete transcript be transmitted, the burden of providing a record adequate for review is the appellant's. *Moore v. State* (1981), Ind.App., 426 N.E.2d 86. If the record is inadequate, however, it is incumbent upon the person claiming inadequacy to seek certiorari under Ind.Appellate Rule 7.2(A)(3)(c) (statement of the evidence) and (C) (correction or modification of the record) to correct it; the failure to correct the inadequacy precludes the assertion of errors relating to the missing portions on appeal. *Stewart v. State* (1976), 170 Ind.App. 696, 354 N.E.2d 749. Maxey failed to utilize App.R. 7.2, and cannot now claim he was deprived due process of law. *See Ruetz v. State* (1978), 268 Ind. 42, 373 N.E.2d 152, *cert. denied*, 439 U.S. 897, 99 S.Ct. 261, 58 L.Ed.2d 245 (no denial of due process to require statement of the evidence where transcript of the evidence is unavailable).

■ To the extent Maxey argues he failed to utilize App.R. 7.2 because of his incompetence, we observe both the jury and our supreme court have addressed Maxey's sanity and both decided the matter adversely to him. *Maxey I, supra*, 265 Ind. at 247–50, 353 N.E.2d at 458–60; *Maxey II, supra*, 269 Ind. at 225–27, 379 N.E.2d at 466–67. The matter is therefore *res judicata. See Langley, supra.*

■ Neither is Maxey entitled to relief based on his claim that evidence concerning his political and social views was wrongly admitted. He has not shown why this issue could not have been raised in his original appeals, and has therefore waived the issue for present review. *Mosley v. State* (1985), Ind., 477 N.E.2d 867. Further, we observe the issue of the admission of this evidence was challenged and rejected during Maxey's second and third post-conviction petitions, when evidence was presented that Maxey asked his attorneys to inform the jury of his political bent. In this sense, the matter is also *res judicata, see Langley, supra*, and might well be invited error. *See Lacy v. State* (1982), Ind., 438 N.E.2d 968. The fifth post-conviction court did not err in denying relief on this issue.

■ Finally, Maxey is not entitled to relief based on his unsubstantiated claim regarding a "jury conflict of interest." He presented nothing of substance to the fifth post-conviction court and nothing to us. Although given the opportunity, Maxey failed to argue his jury conflict of interest claim within the reasonable time limits set by the fifth post-conviction court and therefore failed to meet his burden of proof. Courts cannot act on the assumption that a state of facts exists which has not been proved. *Muncie Building Trades Council v. Umbarger* (1938), 215 Ind. 13, 17 N.E.2d 828.

With the exception of his jury conflict of interest claim, Maxey raises no issues he has not or could not have raised previously. If waiver and *res judicata* are on the throne, it is Maxey's behavior that empowered them.

The waiver of Maxey's current arguments notwithstanding, Maxey has not raised a colorable claim for relief in any of his five post-conviction relief petitions. We have reviewed both his trial transcript and the petitions in the record with great care, including each of the dozens of accompanying motions, and find not even the slightest indication Maxey was not afforded all process of law due him. Contrary to his protestations, Maxey's trial was fundamentally fair.[5]

Nonetheless, we deem it preferable to take this opportunity to remind Maxey and all other participants in the post-conviction system of Ind. Post–Conviction Rule 1 § 12. Under P–C.R. 1 § 12, successive petitions for post-conviction relief are *subject to dismissal* without hearing if they are frivolous or are barred by *res judicata* or waiver. P–C.R. 1 § 12(b), (g), (h). *See also Cornelius v. State* (1991), Ind.App., 575 N.E.2d 20, *trans. denied.* If Maxey wants full hearings on his inevitable future petitions, he

---

5. Given Maxey's practice of repeatedly filing frivolous and vexatious actions, it is tempting to enjoin him from filing further petitions except under narrowly tailored circumstances. He would not be the first abusively litigious prisoner to meet such a fate. *See, e.g., Procup v. Strickland* (11th Cir.1986), 792 F.2d 1069, 1072–73; *Matter of Green* (8th Cir.1978), 586 F.2d 1247, 1252; *Peoples v. State* (1988), Ala.Crim. App., 531 So.2d 323, 327.

## CONCLUSION

The denial of post-conviction relief is affirmed.

RATLIFF, C.J., and SULLIVAN, J., concur.

would be well advised to draft those petitions with clarity and to include factual and legal arguments sufficient to withstand the rigors of P–C.R. 1 § 12.