## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 27 2019, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Cleverly Lockhart
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cleverly Lockhart,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

November 27, 2019

Court of Appeals Case No.
19A-PC-195

Appeal from the Howard Circuit
Court

The Honorable Thomas R. Lett,
Special Judge

Trial Court Cause No.
34C01-9406-CF-40

**Mathias, Judge.**

Cleverly Lockhart ("Lockhart"), pro se, appeals the post-conviction court's denial of his successive petition for post-conviction relief. Lockhart seeks relief

from the 1998 resentencing judgment of the Howard Circuit Court, which followed his convictions in 1995 for one count of Class C felony child molesting and three counts of Class B felony child molesting. Lockhart contends that he received ineffective assistance of counsel and that newly discovered evidence warrants reversal of his sentence and retrial.

[2] Lockhart's claims are waived because they are not appropriately based in our appellate and post-conviction rules. Waiver notwithstanding, res judicata and procedural default bar the relitigation of his ineffective assistance of counsel claims. To the extent Lockhart raises freestanding claims of error, those claims are unavailable in this post-conviction proceeding. Accordingly, we affirm the judgment of the post-conviction court.

[3] We affirm.

## Facts and Procedural History

[4] Lockhart was convicted of four counts of felony child molesting based on the following facts, as recounted by this court in our 1996 decision affirming the convictions:

> In November of 1993, Lockhart moved into the house of his friend, Michelle Frazier. At first, Lockhart slept on a couch, but eventually began sleeping in the bedroom of Frazier's eleven year old son, J.R. Lockhart developed a close father-son relationship with J.R.
>
> In January of 1994, while Lockhart and J.R. sat on the floor under a blanket and watched television, Lockhart reached over

and placed his hand inside J.R.'s underwear. Lockhart rubbed J.R.'s penis for several minutes.

A couple of weeks later, Lockhart went into J.R.'s bedroom and locked the door. He told J.R. about oral sex and then pulled J.R.'s pants down. Lockhart placed his mouth on J.R.'s penis for several minutes.

One month later, Lockhart again entered J.R.'s bedroom and locked the door. He performed oral sex on J.R. and forced J.R. to perform oral sex on him. Afterwards, Lockhart placed his penis into a sock and masturbated until he ejaculated.

In March of 1994, Lockhart became angry with J.R. for not completing a household chore. Lockhart spanked J.R. and ordered him to go to his bedroom. Lockhart later went to J.R.'s bedroom to apologize. Lockhart told J.R. "how to make love to a guy" and then "french-kissed" J.R. Lockhart kissed J.R. all over his body and put his mouth on J.R.'s penis. Lockhart moved out of the house later that month. Before leaving, Lockhart told J.R. that if J.R. ever decided he was homosexual, he should contact Lockhart.

Approximately two weeks later, J.R. told his mother about the molestations. Frazier immediately reported the incidents to Child Protective Services.

*Lockhart v. State*, 671 N.E.2d 893, 896–97 (Ind. Ct. App. 1996) ("*Lockhart I*") (record citation omitted). The State charged Lockhart with one count of Class C felony child molesting and three counts of Class B felony child molesting, and in July 1995, a jury found Lockhart guilty as charged. He was sentenced to sixty-eight years with the Department of Corrections ("DOC"), which was

reduced to thirty years by the trial court. Lockhart appealed his conviction and sentence, and this court ruled in *Lockhart I* that the sentence reduction was erroneously based on the trial court's misreading of the applicable sentencing statute. *Id.* at 904. In so holding, we affirmed Lockhart's convictions, reversed the thirty-year sentence, and remanded the case for resentencing. In 1998, the trial court resentenced Lockhart to fifty-three years with the DOC. Appellant's App. pp. 12–13, 206.

[5] After his resentencing, Lockhart, proceeding pro se, filed a petition for post-conviction relief based on ineffective assistance of trial and appellate counsel. The post-conviction court denied his petition and we affirmed the denial of post-conviction relief in November 2009. His petition was denied by the post-conviction court. *Lockhart v. State*, No. 34A05-0905-PC-293, 2009 WL 3754043 at *2 (Ind. Ct. App. Nov. 10, 2009) ("*Lockhart II*"), *trans. denied*.

[6] Lockhart next filed a motion to correct erroneous sentence in which he argued that the trial court—when it resentenced him in 1998—did not abide by the conditions of a sentencing agreement purportedly reached during plea negotiations. The trial court denied Lockhart's motion in April 2012, and we affirmed the trial court because Lockhart failed to present a case of prima facie error. *See Lockhart v. State*, No. 34A04-1204-CR-226, 2012 WL 3264988 at *2 (Ind. Ct. App. Aug. 13, 2012) ("*Lockhart III*"), *trans. denied*.

[7] In April 2013, Lockhart filed a petition for permission to file a belated notice of appeal from the 1998 resentencing decision. Appellant's App. p. 36. The trial

court denied Lockhart's motion without holding a hearing, and we reversed and remanded with instructions to hold a hearing to determine whether Lockhart was entitled to a belated direct appeal. *See Lockhart v. State*, No. 34A02-1304-CR-384, 2013 WL 6857601 at *3 (Ind. Ct. App. Dec. 27, 2013) ("*Lockhart IV*"). The trial court granted Lockhart permission to file a belated notice of appeal, and he did so. We held that the trial court did not err in resentencing Lockhart and affirmed his fifty-three-year sentence. *See Lockhart v. State*, No. 34A04-1407-CR-351, 2015 WL 2451739 at *6 (Ind. Ct. App. May 20, 2015) ("*Lockhart V*").

[8] Lockhart then requested and, in June 2016 was granted permission to file, a successive petition for post-conviction relief. Appellant's App. pp. 67–68. In March 2018, Lockhart submitted his case by affidavit. Appellant's App. pp. 46, 125–42. The court denied Lockhart's petition for successive post-conviction relief in June 2018. Appellant's App. pp. 46, 48. Lockhart appealed the denial, and in August 2018 we denied his motion for remand for an evidentiary hearing but ordered his case remanded for the post-conviction court to enter findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). The post-conviction court subsequently entered findings of fact and conclusions of law and denied Lockhart's successive petition for post-conviction relief. Appellant's App. pp. 180–82. Lockhart now appeals. Additional facts will be provided as needed.

# Standard of Review

A petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). Post-conviction claims must be based on grounds for relief that are enumerated in the post-conviction rules. Ind. Post-Conviction Rule 1(1); *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001). Issues that were known and available but not raised on direct appeal are procedurally defaulted and may not be litigated in subsequent post-conviction proceedings. *Bunch v. State*, 778 N.E.2d 1285, 1289 (Ind. 2002). Our supreme court has described post-conviction proceedings this way:

> Post-conviction proceedings are civil proceedings that provide defendants the opportunity to raise issues not known or available at the time of the original trial or direct appeal. Thus, if an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed. If an issue was raised and decided on direct appeal, it is res judicata. If a claim of ineffective assistance of trial counsel was not raised on direct appeal, that claim is properly raised at a post-conviction proceeding.

*Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007) (internal citations omitted).

Likewise, proper successive petitions for post-conviction relief contain claims that by their nature could not have been raised in earlier proceedings. *Matheney v. State*, 834 N.E.2d 658, 662 (Ind. 2005). Claims that could have been but were not raised in earlier proceedings and that were not otherwise properly preserved

are procedurally defaulted and waived. *Id.* That is to say, "we do not authorize the filing of successive petitions [that raise] forfeited claims." *Id.* The doctrine of res judicata bars claims that have already been decided adversely on direct appeal, or in earlier post-conviction proceedings, from re-litigation in a successive post-conviction petition. *Id.*

[11] A post-conviction court must make findings of fact and conclusions of law on all issues presented in the petition for post-conviction relief. *See* P-C.R. 1(6). The findings must be supported by facts and the conclusions must be supported by law. *Bivins v. State*, 735 N.E.2d 1116, 1121 (Ind. 2000). Our review on appeal is limited to these findings and conclusions and is deferential to the post-conviction court's factual findings. *Id.*

[12] When a petitioner appeals from a denial of post-conviction relief, he stands in the position of one appealing from a negative judgment. *Fisher*, 810 N.E.2d at 679. To the extent an appeal from a negative judgment turns on factual issues, the petitioner faces a rigorous standard of review and must "convince this Court that the evidence as a whole was such that it leads unerringly and unmistakably to a decision opposite that reached by the postconviction court." *Harrison v. State*, 707 N.E.2d 767, 773–74 (Ind. 1999). Where the post-conviction court has made findings of fact and conclusions of law in accordance with Post-Conviction Rule 1(6), we will reverse only where evidence of clear error "leaves us with a definite and firm conviction that a mistake has been made" by the post-conviction court. *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation omitted). The post-conviction court is the sole judge of the

weight of the evidence and the credibility of witnesses, and so we accept the post-conviction court's findings of fact unless clearly erroneous. *Fisher*, 810 N.E.2d at 679. We do not defer to the post-conviction court's conclusions of law. *Id.*

[13] The purpose of post-conviction and successive post-conviction proceedings is not to afford petitioners a chance at a "super appeal." *Turner v. State*, 974 N.E.2d 575, 581 (Ind. Ct. App. 2012), *trans. denied.* "Issues [that were] not raised in the petition for post-conviction relief may not be raised for the first time" in an appeal from a negative post-conviction judgment. *Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001) (citing Post-Conviction Rule 1(8) ("All grounds for relief available to a petitioner under this rule must be raised in his original petition.")); *Howard v. State*, 467 N.E.2d 1, 2 (Ind. 1984) ("It is well settled that issues which are not raised either at the trial level, on appeal, or in a post-conviction petition are waived.").

## Discussion & Decision

[14] Our decision is organized as follows: first, whether Lockhart has waived our review based on substantial non-compliance with Appellate Rule 46(A)(8), failure to develop a cogent argument with adequate citation to authority and portions of the record; second, whether the post-conviction court erred in declining to hold an evidentiary hearing in violation of Post-Conviction Rule 1(9); and, notwithstanding waiver under Appellate Rule 46(A)(8), whether

Lockhart's claims of ineffective assistance of counsel are barred from relitigation under Post-Conviction Rule 1(8) and the doctrine of res judicata.

### I. *Waiver Under Indiana Appellate Rule 46(A)(8)*

[15]　The State asserts that Lockhart waived his claims for our review by failing to make a cogent argument with citation to relevant authority as is required by Appellate Rule 46(A)(8). Though Lockhart filed a reply brief in this case, it did not acknowledge nor challenge the State's argument that his claims were waived under the rule. We observe that Lockhart is proceeding pro se.[1] Pro se litigants are held to the same legal standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied.* This standard includes adhering to our appellate rules, the purpose of which is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case. *Ramsey v. Review Bd. of Indiana Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003). In circumstances where non-compliance with the appellate rules obliges us to "search the record and make up [our] own arguments because a party has presented them in perfunctory form," this court risks acting as advocate rather than adjudicator. *Keller v. State*, 549 N.E.2d 372, 373 (Ind. 1990). Trained and untrained counsel alike are therefore bound to

---

[1] The office of the Public Defender affirmatively declined to represent Lockhart in this successive post-conviction proceeding, as Post-Conviction Rule 1(9)(a) permits when the Public Defender determines the proceedings are not meritorious nor in the interests of justice.

follow the rules of procedure and "must be prepared to accept the consequences of his action." *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004).

[16] Appellate Rule 46(A)(8)(a) states that an appellant's contentions "must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on." A litigant who fails to support his arguments with appropriate citations to legal authority and record evidence waives those arguments for our review. *See City of Indianapolis v. Buschman*, 988 N.E.2d 791, 795 (Ind. 2013) (finding a party's argument waived for non-compliance with Rule 46). If a dispute includes the admissibility of evidence, "citation shall be made to the pages of the Transcript where the evidence was identified, offered, and received or rejected." App. R. 46(A)(8)(d). We trust trial courts to exercise sound discretion in deciding whether to admit or exclude evidence and reverse such a decision only if we believe the court abused its discretion, meaning that its decision is clearly against the logic and effect of the facts in the record. *Blount v. State*, 22 N.E.3d 559, 564 (Ind. 2014).

[17] Lockhart's appeal is preoccupied with the post-conviction court's order striking what Lockhart alleges was relevant, newly discovered evidence that he submitted in support of his petition for post-conviction relief.[2] When it issued its order denying Lockhart post-conviction relief, the court also issued an order striking from the record all evidence purporting to be signed by individuals

---

[2] The order, from June 18, 2018, is listed and paginated in the table of contents of Lockhart's appendix but not actually included in the appendix, nor is it cited once in Lockhart's brief or reply brief.

other than Lockhart. In its findings of fact, the post-conviction court stated that "[t]he purported documents submitted to support Petitioner's petition have been submitted and considered in previous hearings[.]" Appellant's App. p. 181. Lockhart argues on appeal that the post-conviction court erred when it found he had not established grounds for relief by a preponderance of the evidence. In making this argument, however, Lockhart relies on a litany of documents that are not properly included in his appendix or the record on appeal. Much of Lockhart's argument is a recitation of these documents, wholly lacking in coherent explanation of their relevance and supported only by conclusory statements. We suspect that Lockhart's record citations are almost entirely to evidence that was stricken by the post-conviction court.[3] Furthermore, our review of the history of this case confirms that Lockhart has previously and unsuccessfully attempted to introduce similar – if not the same – documents of dubious authenticity.[4]

---

[3] The State correctly notes, however, that there are no documents attached to Lockhart's petition in his appendix before us on appeal. So, we cannot know which documents Lockhart actually submitted to support his petition for successive post-conviction relief. There are, however, numerous documents (improperly included in Lockhart's appendix) that are signed by individuals other than Lockhart; based on the post-conviction court's order striking such documents and on the post-conviction court's findings of fact, we presume that these are the same documents submitted to the post-conviction court with Lockhart's petition. They include: an alleged recantation by victim J.R. (Appellant's App. pp. 79–89); alleged results of a polygraph examination (Appellant's App. pp. 73–74); correspondence to Lockhart purporting to be from his counsel, the prosecutor, and others (Appellant's App. pp. 70, 76–78, 117, 120, 123, 124); plus interrogatories and affidavits (Appellant's App. pp. 95–105).

[4] *E.g.*, in 2009 we found that although Lockhart *claimed* a certain document indicating his incompetency to stand trial was filed on two separate dates, "the [chronological case summary ("CCS")] does not reveal that these notices were filed on these dates." *Lockhart II* at n.3. In the same case, we noted that Lockhart relied substantially on ten exhibits that had been excluded from evidence by the post-conviction court. Lockhart did not challenge their exclusion, but "wrongfully include[d] them in his Appellant's Appendix, acting as though

[18] For these reasons, we do not believe the post-conviction court abused its discretion in excluding Lockhart's proffered evidence from the record. In his appeal, Lockhart has not only failed to provide cogent reasoning or authority to support any argument related to the post-conviction court's evidentiary ruling, he also appears to have improperly included and relied on documents which were duly stricken from the record by the post-conviction court in an exercise of its judgment which we will not reverse.

[19] This court addresses the merits of a claim unless we find that an appellant's "non-compliance with [Rule 46] [is] sufficiently substantial to impede our consideration of the issue raised[.]" *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015) (quoting *Davis v. State*, 265 Ind. 476, 478, 355 N.E.2d 836, 838 (1976)). Lockhart's non-compliance with Appellate Rule 46 surely approaches the level of substantiality warranting the waiver of his claims. Nevertheless, resolution of a case on the merits is preferable to resolution on procedural grounds such as waiver. *Roberts v. Cmty. Hospitals of Indiana, Inc.*, 897 N.E.2d 458, 469 (Ind. 2008). Notwithstanding Lockhart's failure to satisfy Appellate Rule 46, which hinders our review, we turn now to address the merits of his arguments and determine that none entitle him to post-conviction relief.

they were properly admitted into evidence below." *Id.* at *8. In 2015 we found that there was "a history of previous forged documents in this case associated with Lockhart. [A report] was not file-stamped and was contained in an appendix submitted by Lockhart pro se in prior proceedings in this case. Nothing in the CCS shows that this report was ever filed in this proceeding." *Lockhart V* at n.5.

## II. Compliance with *Indiana Post-Conviction Rule 1(9)*

[20] Lockhart complains that the post-conviction court erred in adjudicating his successive petition for post-conviction relief without holding an evidentiary hearing. The State counters that the doctrine of invited error bars Lockhart from now disputing the appropriateness of the method in which the post-conviction court disposed of his petition, and furthermore, that the court acted within its discretion when it ordered the parties to submit their cases by affidavit.

[21] In fact, this court has already once denied Lockhart's motion to remand for an evidentiary hearing.[5] Lockhart's motion for remand for an evidentiary hearing was first before this court after the post-conviction court denied Lockhart's successive petition for post-conviction relief—the first time—in June 2018. Lockhart appealed that denial in the form of a motion for remand for an evidentiary hearing; however, this court remanded his case on a separate basis. Because the post-conviction court's June 2018 order did not include findings of fact and conclusions of law as required by Post-Conviction Rule 1(6), we granted Lockhart's motion in part with instructions that the trial court "enter an amended order including findings of fact and conclusions of law" pursuant to Post-Conviction Rule 1(6). Our order was silent as to Lockhart's motion for remand for an evidentiary hearing, and for this reason we cannot say that our

---

[5] The order denying Lockhart's motion for remand for an evidentiary hearing can be found at Cause No. 18A-CR-1661 and was filed on August 17, 2018. In January 2019, the State filed and we granted a Motion to Transfer Prior Appeal Record to Successive Post-Conviction Appeal, directing a record of the prior proceedings including Cause No. 18A-CR-1661 to be filed under a new post-conviction cause number.

judgment was rendered on the merits of the claim, which would result in its being barred from relitigation in this appeal by res judicata.[6] However, in concurring in the court's order, Senior Judge Rucker would have also remanded for an evidentiary hearing. Therefore, in the interest of complete thoroughness, we proceed to explain why the post-conviction court did not err in disposing of Lockhart's petition without holding an evidentiary hearing.

[22] Lockhart pursued post-conviction relief pro se, thus the procedure identified in Post-Conviction Rule 1(9)(b) was an appropriate procedure for the post-conviction court to use in resolving his petition. The rule reads, in relevant part:

> In the event petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit. It need not order the personal presence of the petitioner unless his presence is required for a full and fair determination of the issues raised at an evidentiary hearing.

P-C.R. 1(9)(b).

[23] This rule provides a "distinct way for a PCR court to rule on a petition without an evidentiary hearing." *Smith v. State*, 822 N.E.2d 193, 201 (Ind. Ct. App. 2005), *trans. denied*. In the event that a post-conviction court orders a case

---

[6] For res judicata to bar litigation of a claim, the former judgment on the same matter must meet four requirements: 1) the former judgment was rendered on the merits; 2) the former judgment was rendered by a court of competent jurisdiction; 3) the matter was or could have been determined in the prior action; and 4) the controversy was between the same parties as in the present suit. *See, e.g., M.G. v. V.P.*, 74 N.E.3d 259 (Ind. Ct. App. 2017). Here, because we granted Lockhart's motion for remand on grounds that did not include whether there was need for an evidentiary hearing, we did not at that time render judgment in consideration of the merits of that claim.

submitted by affidavit pursuant to Post-Conviction Rule 1(9)(b), the court "is only required to hold an evidentiary hearing . . . if (1) affidavits are, in fact, submitted, (2) either party moves for summary disposition, and (3) there is a genuine issue of material fact." *Laboa v. State*, 131 N.E.3d 660, 664 (Ind. Ct. App. 2019) (*See also* P-C.R. 1(4)(g)).

[24] To determine whether the post-conviction court deviated from this procedure in Lockhart's case, and thus erred in not holding an evidentiary hearing, we recount the pertinent facts. This court authorized Lockhart to file his successive petition for post-conviction relief, and Lockhart did so, on June 24, 2016. Appellant's App. p. 43. The post-conviction court scheduled Lockhart's case for hearing in early 2017. *Id.* at 44. Lockhart subsequently filed a motion for an extension of time, which the court granted, stating in its order that "the hearing will be reset upon the request of either party." *Id.* At no point did the post-conviction court at its own discretion order Lockhart's case submitted by affidavit. Rather, it was Lockhart who, in January 2018, filed a motion *requesting* to submit his petition by affidavit, which the court permitted in accordance with Post-Conviction Rule 1(9)(b). *Id.* at 45. On Lockhart's request, the post-conviction court entered an order directing the parties as follows: "Petitioner *shall* submit his case by affidavit on or before April 2, 2018 and the State *shall* file its response on or before May 1, 2018[.]" *Id.*[7] (emphasis added).

---

[7] The post-conviction court's order granting Lockhart's motion to submit his case by affidavit is not included in the record before us. This language is quoted from the CCS entry summarizing the substance of the order.

The parties subsequently submitted their cases by affidavit, and Lockhart attached to his submission the following: "Transcript for Resentencing of April 16, 1998, Submission of Case by Affidavit Appendix, and Volumes 1–3." *Id.* at 46. The State filed a motion to strike the attachments (*discussed supra*, Part I), and the post-conviction court granted the State's motion to strike, ordering "all letters, affidavits and documents containing a signature other than the petitioner [be] stricken from the record." *Id.* The court subsequently considered, examined, and denied Lockhart's petition for post-conviction relief in June 2018. *Id.*

Neither party moved for summary disposition after submission of the cases by affidavit, nor did the post-conviction court determine that the affidavits raised any genuine issue of material fact. Thus, there was no need for an evidentiary hearing to dispose of Lockhart's petition. The post-conviction court properly availed itself of the option provided by Post-Conviction Rule 1(9) to "decide a post-conviction case without a hearing." *Laboa*, 131 N.E.3d at 665.

And because it was on Lockhart's motion that the possibility for an evidentiary hearing was foreclosed, Lockhart may not now claim that the lack of an evidentiary hearing constituted an abuse of discretion by the post-conviction court. The doctrine of invited error disallows a party from taking advantage of an error that he "commits, invites, or which is the natural consequence of [his] own neglect or misconduct." *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005). Lockhart invited this particular method of adjudication, which the post-

conviction court followed in compliance with Post-Conviction Rule 1(9), and cannot on appeal take advantage of what he considers to be error.

### III. Res Judicata and Post-Conviction Rule 1(8)

[28] Our supreme court has observed that post-conviction relief is "not. . . inten[ded]. . . to provide a means whereby one convicted could repeatedly re-litigate claims of improper conviction, or could *unqualifiedly*, upon a legitimate waiver of the right to appeal. . . raise an untimely challenge directed at some aspect of the proceedings against him." *Langley v. State*, 256 Ind. 199, 203, 267 N.E.2d 538, 540 (1971), *overruled on other grounds by Bunch v. State,* 778 N.E.2d 1285 (Ind. 2002) (emphasis added). Post-Conviction Rule 1(8) sets out the procedural limitation on post-conviction relief:

> All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.

P-C.R. 1(8).

[29] This rule is closely related to the principle of res judicata, which disallows issues that have previously been decided adverse to a petitioner's position from being subject to further judicial examination. Both waiver under Post-Conviction Rule 1(8) and res judicata arise from the underlying rationales of finality and

judicial economy, it being "imperative to an orderly judicial system that, at some point, controversies end." *Maxey v. State*, 596 N.E.2d 908, 911 (Ind. Ct. App. 1992). In ordinary civil proceedings, the claim preclusion branch of res judicata bars the relitigation of both those issues which were raised and those which should have been raised, but were not. *Id.* Similarly, in the post-conviction relief context, "a petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error." *Mickens v. State*, 579 N.E.2d 615, 619 (Ind. Ct. App. 1991), *trans. granted, aff'd in relevant part*, 596 N.E.2d 1379 (Ind. 1992). Simply stated, all grounds for relief available to a petitioner under the post-conviction rules must be raised in his original petition. *State v. Daniels*, 680 N.E.2d 829, 835 n.10 (Ind. 1997) (citing P-C.R. 1(8)).

[30]   The narrow exception to procedural default in the post-conviction context is found in the final phrase of Post-Conviction Rule 1(8), which excuses waiver of an issue where ". . . the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition." Our supreme court has clarified that this exception to waiver is not inconsistent with res judicata because it allows only those issues that were "unascertainable or unavailable at the time of the original post-conviction petition" to be validly raised in a successive petition for post-conviction relief. *Arthur v. State*, 663 N.E.2d 529, 532 (Ind. 1996). In other words, "a defendant is entitled to one post-conviction hearing and one post-conviction opportunity to

raise the issue . . . *in the absence of newly discovered evidence* or a *Brady* violation." *Daniels v. State*, 741 N.E.2d 1177, 1185 (Ind. 2001) (emphasis added).

[31] Accordingly, we will disturb the post-conviction court's denial of Lockhart's successive petition for post-conviction relief as being contrary to law only if the unconflicted evidence leads us to conclude relief should have been granted. Notwithstanding the confusion presented by Lockhart's non-compliance with Appellate Rule 46, his petition raises ineffective assistance of counsel as the grounds for relief. He contends these claims were unavailable to him until evidence—namely, the transcript of his 1995 trial—was discovered after all prior litigation had concluded. Thus, we consider whether waiver or res judicata bar Lockhart from raising these ineffective assistance of counsel claims, and whether his claims were unascertainable or unavailable during each of his prior attempts to secure relief.

### IV. Ineffective Assistance of Trial & Appellate Counsel

[32] Lockhart contends that his conviction and sentence should be vacated because in 1995 his trial counsel provided ineffective assistance related to an allegedly erroneous jury instruction to which no timely objection was made. Appellant's Br. at 15–17. Lockhart insists that this claim was unavailable to him at any point prior to this successive petition for post-conviction relief because a copy of the trial transcript was not in his possession until March 16, 2017, and without the transcript, Lockhart could not have known about this alleged error. *Id.* at 12. Lockhart alleges he was "unaware of the [jury] instruction as he never had

the [1995 trial] transcript after the direct appeal [*Lockhart I*, in 1996], and post-conviction relief and appeal [*Lockhart II*, in 2009]." Reply Br. at 9.

[33] If this claim of error was available to Lockhart in his first petition for post-conviction relief, which raised ineffective assistance of trial and appellate counsel based on a different alleged error, it is procedurally barred now. Furthermore, if the evidence in the record supports the successive post-conviction court's conclusion that Lockhart in fact had the transcript in his possession at the time of his 2009 initial post-conviction proceeding, the argument is waived because it was ascertainable and thus available in a prior petition for post-conviction relief.

[34] The extensive chronological case summary ("CCS") and the transcript of the 2009 post-conviction proceeding ultimately belie Lockhart's claim that the 1995 trial transcript was not in his possession at the time of his first petition for post-conviction relief. On July 23, 2007, Lockhart appeared before the post-conviction court for a status hearing on his then-pending amended petition for post-conviction relief. Appellant's App. p. 25. In that petition, Lockhart argued he was entitled to post-conviction relief based on ineffective assistance of trial and appellate counsel. *See Lockhart II* at *8–10. We quote at length the following exchange between Lockhart and the trial judge to verify that, although there was confusion about the transcript's location, the post-conviction court took pains to confirm that a copy of the trial transcript was indeed in Lockhart's possession.

[Court]: I set this hearing today because I have some questions about our current status –

[Lockhart]: OK.

[Court]: – and I'm going to need your assistance to help me determine that. My first question to you is what do you need in order to be prepared to have an actual hearing on your PCR motion?

[Lockhart]: Ok. [] I really thought we were having a hearing today.

[Court]: Are you prepared to have a hearing on your PCR today?

[Lockhart]: Actually, no, but just by the wording of the order I wasn't sure so I just brought everything.

[Court]: OK.

[Lockhart]: I think what we're needing now is a transcript.

[Court]: Of what?

[Lockhart]: Of the original trial and –

[Court]: You've not been provided with that before?

[Lockhart]: I have been but it is my understanding that the court will not accept that.

[Court]: In what way would the court need to accept that?

[Lockhart]: OK. What I've done so far is I have asked the Appellate Court to fax, mail or somehow release it to this court.[8]

[Court]: OK.

[Lockhart]: OK. Now we have another transcript for April 16th of '98 [the resentencing hearing] which is a very short transcript and that's going to be needed. And then I think I would be ready.

[Court]: [W]here was the hearing on April 16, 1998, held?

[Lockhart]: It was in Miami County. It has been filed here.

[Court]: So you have also been provided with a copy of that transcript?

[Lockhart]: Yes, that has already been filed with an erroneous sentence that I had done at one time. I believe that you had ruled on it and –

[Court]: Was that transcript filed with this court?

[Lockhart]: Yes, with the Howard Circuit Court.

[Court]: So it should be in the records here?

---

[8] We presume this refers to Lockhart's direct appeal of his 1995 convictions and sentence, *Lockhart I*, and the fact that the trial transcript was included in the record on appeal at that time. In his appeal, Lockhart, then represented by counsel, raised six issues, none of which challenged the jury instructions. *Lockhart I*, 671 N.E.2d at 896.

[Lockhart]: It should be in the records, yeah.

[Court]: OK. Now, the transcript of the original trial which was submitted to the Court of Appeals on your original appeal, right?

[Lockhart]: Yes. []

[Court]: And for what purpose in the PCR do you need that transcript?

[Lockhart]: We –, I will be dealing with the sentencing so, with the first sentencing.

[Court]: OK. So you need the portion of that transcript dealing with your sentencing hearing?

[Lockhart]: Yeah.

[Court]: I don't know the procedure here in Howard County. Does the clerk keep a copy of the transcript or does the whole thing go?

[The Reporter]: (Inaudible).

[Court]: Right. Were you represented by an attorney at your first appeal?

[Lockhart]: Yes, I was. []

[Court]: So presumably your attorney at that time would have a copy of this transcript?

[Lockhart]: OK, no. I have written and he has no copies of it. In fact he doesn't even maintain a file anymore.

[Court]: Well, who was your first attorney?

[Lockhart]: Mr. Menges.

[Court]: OK. Well, he wouldn't necessarily have a file anymore; however, the public defender's office would most likely have a file.

[Lockhart]: Yes. Well that's – yeah. Now I have the transcript but it was just my understanding that the court would not –

[Court]: You have it, then why would you need it?

[Lockhart]: Well, it was my understanding that you would not accept. I was told from, in the prison from the law clerks there that the courts will not accept that, but I have a complete transcript that's already certified, so if the court will accept it I can bring that.

[Court]: Well –, OK.

[Lockhart]: But I needed to know that from you.

[Court]: I understand that you're not in the best position but you might want to be cautious in taking legal advice from the law clerks in the prison library.

***

[Court]: If you have a copy then you bring your copy to court when we come back.

[Lockhart]: OK. Alright.

[Court]: OK. It's a certified copy of the transcript –

[Lockhart]: Yes.

[Court]: – and you have one, correct –

[Lockhart]: Yes.

[Court]: – in your possession?

[Lockhart]: Oh yes [].

[Court]: Alright. That will be good enough.

[Lockhart]: OK.

Prior Case Tr. pp. 18–22.

[35]     The CCS entry for the hearing read in part:

Defendant requests a copy of the Transcript filed 2/11/03 from the 4/16/98 hearing [Lockhart's resentencing hearing] held with Special Judge Embry and Court forwards a copy of the same to defendant. **Court confirms the defendant has a copy of the Transcript from the trial and original sentencing in his possession** and Court notes a copy is available with the

[Howard] Circuit Court for review by the State or Special Judge Lett.

Appellant's App. p. 25 (Emphasis added).

[36] The initial post-conviction court denied Lockhart's petition for relief. In affirming the post-conviction court's denial, we held that Lockhart's ineffective assistance of trial counsel argument failed. *Lockhart II* at *9. Regarding his appellate counsel's performance, we noted how appellate counsel raised six issues as part of Lockhart's direct appeal in 1996. *Id.* That the attorney did not raise his "own failure to pursue an insanity defense" at trial, we observed, was not sufficient to support a finding of deficient appellate performance and so the issue was waived. *Id.* Thus, in affirming the post-conviction court's denial of relief, we concluded that Lockhart had not established grounds for relief based on ineffective assistance of trial or appellate counsel by a preponderance of the evidence nor that the properly admitted evidence in the record led to a conclusion opposite that reached by the post-conviction court. *Id.*

[37] The successive post-conviction court made the following findings of fact and conclusions of law on Lockhart's renewed ineffective assistance of counsel claim:

FINDINGS OF FACT

* * *

11. The issues raised by Petitioner's Amended [successive] Petition for Post-Conviction Relief have been heard and ruled upon by both the trial court and the Court of Appeals.

12. The Petitioner has been provided a copy of the transcript of proceedings in this cause, and has litigated this matter many times since the date of his sentencing hearing.

\* \* \*

CONCLUSIONS OF LAW

\* \* \*

2. A claim of ineffective assistance of counsel may be raised in a post-conviction proceeding, but when raised, all issues relating to that claim must be raised. Woods v. State, 701 N.E.2d 1208 (Ind. 1998).

3. Once raised, a claim of ineffective assistance of counsel may not be litigated again by alleging different grounds. Morris v. State, 466 N.E.2d 13 (Ind. 1984).

4. The Petitioner raised the issue of ineffective assistance of counsel in his appeal which was decided by the Court of Appeals on November 10, 2009.

5. Because the court has considered and rejected the issue of ineffective assistance of counsel, Res judicada [*sic*] bars re-litigating the issue in this post-conviction proceeding.

\* \* \*

Appellant's App. pp. 180–182.

[38] We hold that the successive post-conviction court did not err in finding that Lockhart possessed a copy of the trial transcript prior to his initial petition for post-conviction relief. Because the specific claim of error he makes now was ascertainable and thus available at the time of his initial petition for post-conviction relief, but was not raised in that initial petition, it is procedurally defaulted. *See* P-C.R. 1(8), *see also Matheny*, 834 N.E.2d at 662; *Williams v. State,* 808 N.E.2d 652, 664 (Ind. 2004); *Daniels*, 741 N.E.2d at 1184–88. Its inclusion in Lockhart's successive petition is barred because proper successive petitions for post-conviction relief contain claims that *by their nature* could not have been raised in earlier proceedings.[9]

### A. Ineffective Assistance of Resentencing Counsel

[39] Lockhart also contends that his conviction and sentence should be vacated due to ineffective assistance of resentencing counsel. Specifically, Lockhart contends that evidence of an agreement between himself and his counsel regarding Lockhart's 1998 resentencing supports his ineffective assistance claim. Lockhart also contends he has evidence that his victim—whose testimony was part of the evidence used to convict Lockhart—has recanted his testimony. Appellant's Br.

---

[9] Furthermore, this evidence demonstrates that Lockhart also possessed a copy of the trial transcript when he initiated a belated direct appeal in 2015. *See Lockhart V* at *2. The issue of ineffective assistance of counsel was thus available but not raised in his belated direct appeal, further solidifying the post-conviction court's conclusion that it is now procedurally defaulted and may not be raised in the successive post-conviction process. *See Bunch*, 778 N.E.2d at 1289.

at 13–15. If this claim of error was available to Lockhart in his first petition for post-conviction relief, which raised ineffective assistance of counsel based on a different alleged error, it is procedurally barred now. Furthermore, if this issue was available but not raised in any prior direct appeal, procedural default bars it from being raised in this post-conviction proceeding. And if these matters have been raised and judgment rendered previously, they are res judicata.

[40] Our review of the evidence included in Lockhart's appendix—including the numerous documents that are improperly included, likely the same that were stricken by the post-conviction court, see *supra* note 3—reveals that this specific claim of ineffective assistance of resentencing counsel, too, was available at the time of his initial post-conviction petition. The alleged resentencing agreement was referred to in a document purportedly sent to Lockhart in 1998. Appellant's App. p. 70. The alleged recantation by the victim was purportedly made known to Lockhart in 2002. Appellant's App. pp. 79–89. Both of these pre-date the evidentiary hearings conducted as part of Lockhart's first post-conviction proceedings, in 2007. The claim of ineffective assistance of resentencing counsel was not raised, however, in the initial post-conviction proceeding as it should have been, and thus it is procedurally defaulted in this successive petition for post-conviction relief.

[41] The claim of ineffective assistance of resentencing counsel is also waived because Lockhart failed to raise it on direct appeal. In 2012, this court affirmed the lower court's denial of Lockhart's motion to correct erroneous sentence. *Lockhart III* at *1. In his motion, Lockhart alleged that the trial court during his

resentencing hearing "did not abide by the conditions of a sentence agreed upon during plea negotiations" in an abuse of its discretion. *Id.* However, Lockhart did not meet his burden of presenting a case of prima facie error, that is to say, he did not demonstrate that his sentence was erroneous on its face. *See Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008). We noted that an inmate who believes he has been erroneously sentenced, as Lockhart did, properly seeks redress via direct appeal or post-conviction relief. We thus concluded that the trial court did not abuse its discretion in denying Lockhart's motion to correct erroneous sentence. *Lockhart III* at *2.

[42] In 2015, this court heard Lockhart's belated direct appeal of his 1998 resentencing. *Lockhart V* at *1. At that time, Lockhart properly challenged what he alleged was his erroneous sentence imposed by the 1998 resentencing court. He did not, however, directly challenge the effectiveness of his resentencing counsel. After an extensive examination of Lockhart's arguments, we ultimately held that the trial court did not abuse its discretion when it resentenced Lockhart in 1998, and furthermore that his sentence was appropriate in light of the nature of the offense and the character of the offender. *Id.* at *6. All this to say that the matter of resentencing counsel's effectiveness based on alleged violation of a resentencing agreement or an alleged recantation by the victim should have been raised at the time Lockhart directly challenged the appropriateness of his sentence. On this point, the successive post-conviction court drew the following findings of fact and conclusions of law:

## FINDINGS OF FACT

\* \* \*

6. [T]he Petitioner filed a belated appeal, in which he appealed his 1998 sentencing. The appeal was denied by the Court of Appeals on May 20, 2015.

7. The belated appeal raised the issues of ineffective counsel at both the trial and appellate states.

\* \* \*

9. The issues raised in the [successive] Amended Petition for Post-Conviction Relief were raised in the previously filed appeals and Motions for PCR, and all have been denied.

## CONCLUSIONS OF LAW

2. A claim of ineffective assistance of counsel may be raised in a post-conviction proceeding, but when raised, all issues relating to that claim must be raised. Woods v. State, 701 N.E.2d 1208 (Ind. 1998).

3. Once raised, a claim of ineffective assistance of counsel may not be litigated again by alleging different grounds. Morris v. State, 466 N.E.2d 13 (Ind. 1984).

4. The Petitioner raised the issue of ineffective assistance of counsel in his appeal which was decided by the Court of Appeals on November 10, 2009.

\* \* \*

Appellant's App. pp. 180–182.

[43]     We hold that the successive post-conviction court did not err in finding that Lockhart waived the ability to argue he is entitled to post-conviction relief based on ineffective assistance of resentencing counsel. Its inclusion in Lockhart's successive petition is barred for the same reason that his claims based on ineffective assistance of trial and appellate counsel are; by their nature, they could have been raised in earlier proceedings and were not, and so they are now procedurally barred.

### B.     Freestanding Claims of Error

[44]     Lockhart also appears to make freestanding claims of error regarding the jury instruction and the sufficiency of the evidence supporting the 1995 Class C felony child molesting conviction. Appellant's Br. at 25–30. He characterizes these claims as fundamental error (Appellant's Br. at 13, 19); however, fundamental error analysis has no application in post-conviction proceedings. *Latta v. State*, 743 N.E.2d 1121, 1132 (Ind. 2001); *see also Davis v. State*, 775 N.E.2d 1182, 1185–86 (Ind. Ct. App. 2002) ("[F]reestanding fundamental error claims in a post-conviction petition may not be raised."), *trans. denied*. Lockhart's argument is that the trial court (not the post-conviction court) abused its discretion. This is a freestanding issue that is unavailable on post-conviction review. Our supreme court has made clear that freestanding claims that the original trial court committed error are generally unavailable on post-conviction review. *See, e.g.*, *Stephenson*, 864 N.E.2d at 1029.

[45] And we repeat: the alleged jury instruction error was known and available, but not raised, when Lockhart directly appealed his convictions in 1996; the argument is procedurally defaulted now. As for Lockhart's challenge to the sufficiency of the evidence underlying his convictions, this court ruled on the matter when Lockhart first appealed in 1996. *Lockhart I*, 671 N.E.2d at 903. The matter is res judicata, and we will not entertain a renewed challenge to the evidence's sufficiency now. Thus, to the extent Lockhart makes freestanding claims of error based on a jury instruction or sufficiency of the evidence, the claims are unavailable for post-conviction review due to waiver.

[46] Finally, and rather incredibly, Lockhart has again failed to include in the record the transcript, which he now says is finally in his possession, that he points to as uncovering newly discovered evidence excusing waiver of his ineffective assistance of counsel claim. The burden of providing a record adequate for review is the appellant's. *Moore v. State*, 426 N.E.2d 86, 87 (Ind. Ct. App. 1981). In our opinion affirming the denial of his initial petition for post-conviction relief, we explained the consequences of Lockhart's failure to provide a record that included the transcript on which he relied:

> The transcript must be admitted into evidence just as any other exhibit. Without the record from Lockhart's trial, we cannot determine which reports the State stipulated to and the post-conviction court considered in denying Lockhart relief.

*Lockhart II* at *8 (internal citations omitted).

We mention the dearth of evidentiary support Lockhart submitted in his initial petition for post-conviction relief because he, again, in this appeal from the denial of his successive petition for post-conviction relief, improperly relies upon exhibits that were excluded from evidence by the post-conviction court. The court below found:

> 10. The Petitioner has repeatedly attempted to introduce letters and documents that were forged, according to his attorney at the time. The attorney testified at the PCR in the 2008 hearing that the signature on the affidavit offered by Petitioner was not his.
>
> * * *
>
> 14. The purported documents submitted to support Petitioner's petition have been submitted and considered in previous hearings, and have been stricken under separate Order.

Appellant's App. p. 181.

The post-conviction court's factual findings on the matter of any newly discovered evidence are not clearly erroneous. We are satisfied that the post-conviction court—in its unique position of weighing evidence and judging witness credibility—duly considered whether Lockhart's claim of ineffective assistance of counsel was indeed supported by newly discovered evidence. Finding that the evidence Lockhart submitted was *not* new, the evidence was stricken. We agree with the post-conviction court that, in submitting this evidence of dubious authenticity again, Lockhart improperly seeks to have it reconsidered and reweighed to justify his new assertion of ineffective assistance

of counsel. No such evidence was before the post-conviction court, and thus the post-conviction court concluded:

> 1. The Petitioner bears burden [*sic*] of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Wright v. State, 881 N.E.2d 1018 (Ind. Ct. App. 2008).
>
> * * *
>
> 6. Petitioner has waived his right to an evidentiary hearing in this cause by requesting that the matter be submitted by affidavit.
>
> 7. Petitioner, in submitting documents previously considered by the trial court and appeals court, now improperly seeks to have those documents reconsidered and reweighed.
>
> 8. Petitioner has submitted nothing that has not been considered previously by the court.
>
> 9. Petitioner has failed in meeting his burden of proving his claims by a preponderance of the evidence.
>
> 10. Petitioner's [successive] Amended Petition for Post-Conviction Relief is Denied.

Appellant's App. p. 182.

# Conclusion

[49] We hold that the successive post-conviction court did not err when it found that Lockhart's submissions were without evidentiary value without holding an evidentiary hearing.

[50] For all of these reasons, the post-conviction court's denial of Lockhart's successive petition for post-conviction relief is affirmed.

May, J., and Brown, J., concur.